# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFRED MCLEAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-14-1031-R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Alfred McLean brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") terminating Plaintiff's receipt of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. Having reviewed the administrative record (Doc. No. 13, hereinafter "R. _") and the parties' arguments and authorities, the undersigned recommends that the Commissioner's decision be reversed and remanded.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

On May 19, 2005, the SSA determined that Plaintiff was disabled and entitled to DIB as of November 2, 2004. R. 61, 89, 128, 159. On September 13, 2011, the SSA determined that Plaintiff was no longer disabled and was no longer entitled to DIB as of

November 30, 2011. R. 128, 129, 132-34; *see* 42 U.S.C. § 423(f). This termination of benefits was upheld upon reconsideration, and Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 61, 130, 135-67. The hearing was conducted on January 23, 2013, and the ALJ issued an unfavorable decision on February 22, 2013. R. 58-127. Plaintiff now appeals the termination of his disability benefits.

When reviewing a termination of benefits, the ALJ applies an eight-step sequential evaluation process. *Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004); 20 C.F.R. § 404.1594(f)(1)-(8). At step one, the ALJ determined that Plaintiff was not engaging in substantial gainful activity. R. 63; *see* 20 C.F.R. § 404.1594(f)(1). At step two, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 70; *see* 20 C.F.R. § 404.1594(f)(2).

At steps three and four, the ALJ concluded that "medical improvement" had occurred as of September 13, 2011, and that this medical improvement was related to Plaintiff's ability to work "because it resulted in an increase in [Plaintiff's] residual functional capacity" since May 19, 2005. R. 62, 70-71; *see* 20 C.F.R. § 404.1594(b)(1), (f)(3)-(4); *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999). "Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). At step five, an ALJ is required to consider whether any of the regulatory exceptions to a finding of medical improvement apply. 20 C.F.R. § 404.1594(d), (e), (f)(5). Although the ALJ correctly described step five at the outset of the

2

written decision, the ALJ made only an implied finding that no such exception applies by continuing his analysis forward to step six.  *See* R. 62, 71.

Relevant to step six, the ALJ considered all of Plaintiff's impairments as of September 13, 2011, and found that Plaintiff had the severe impairment of polyarthralgia secondary to trauma.  R. 63-70; *see* 20 C.F.R. §§ 404.1567(b), .1594(f)(6).  The ALJ at step seven assessed Plaintiff's residual functional capacity ("RFC") based on impairments present on September 13, 2011, and found that Plaintiff retained the RFC to perform light work, subject to being able to alternately sit and stand throughout the work day.  R. 71-78; *see* 20 C.F.R. § 404.1594(f)(7).  The ALJ concluded that Plaintiff was unable to perform his past relevant work as an overhead door installer and roofer helper.  R. 78; *see* 20 C.F.R. § 404.1594(f)(7).  At step eight, the ALJ considered whether there was other work that Plaintiff—in light of his age, education, work experience, and RFC based upon the impairments present as of September 13, 2011—could perform.  R. 79; *see* 20 C.F.R. § 404.1594(f)(8).  Taking into consideration a vocational expert's testimony at the administrative hearing regarding the degree of erosion to the unskilled light occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform light unskilled occupations such as bakery worker and electrical equipment assembler and that such occupations offer jobs that exist in significant numbers in the national economy.  R. 79; *see* 20 C.F.R. § 404.1594(f)(8).  The ALJ therefore concluded, "[Plaintiff's] disability ended as of September 13, 2011."  R. 79 (citation omitted).  The SSA Appeals Council denied review on July 24, 2014.  R. 1-7.

STANDARD OF REVIEW

The Court reviews the Commissioner's termination of benefits "only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly." *Shepherd*, 184 F.3d at 1199. While a federal court considers on appeal whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[T]he Commissioner's failure to apply correct legal standards, or to show us that she has done so, [is] . . . grounds for reversal." *Hayden*, 374 F.3d at 988 (internal quotation marks omitted).

ANALYSIS

Plaintiff objects that the ALJ failed to properly assess Plaintiff's medical improvement under 20 C.F.R. § 404.1594 and that the ALJ's finding of Plaintiff's RFC as of September 13, 2011, is not supported by substantial evidence. Pl.'s Br. (Doc. No. 15) at 6-11.[1] The undersigned finds that because the ALJ's evaluation of Plaintiff's case was generally conducted under an incorrect legal standard, adequate and proper consideration of Plaintiff's objections is precluded and reversal is required.

In *Shepherd v. Apfel*, the Tenth Circuit explained the reexamination process that applies here and resulted in the cessation of Plaintiff's DIB in September 2011:

> After a claimant has been receiving disability benefits for some period, the Social Security Administration is required to review his case periodically

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

to determine whether there has been any medical improvement in the claimant's condition and whether that improvement affects his ability to work. See 20 C.F.R. § 404.1594. If the benefit recipient's condition has improved, his eligibility to receive those benefits may terminate.

The following standard of review informs the decision to terminate benefits:

> A recipient of benefits . . . may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such a finding is supported by—
>
> (1) substantial evidence which demonstrates that—
>
> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in substantial gainful activity . . . .
>
> 42 U.S.C. § 423(f).

*Shepherd*, 184 F.3d at 1199 (omissions in original) (citation omitted) (citing *Glenn v. Shalala*, 21 F.3d 983 (10th Cir. 1994)).

In *Hayden v. Barnhart*, the Tenth Circuit emphasized that in a termination case, the burden of making this "medical improvement" finding under 42 U.S.C. § 423(f) rests with the Commissioner: "If *the Commissioner meets her burden* of establishing that the claimant's medical condition has improved and that the improvement is related to the claimant's ability to work, *the Commissioner must then demonstrate* that the claimant is currently able to engage in substantial gainful activity." *Hayden*, 374 F.3d at 988 (emphasis added); *accord id.* at 991 ("[T]he burden . . . is on the Commissioner in a termination-of-benefits review."). The applicable regulation likewise places the burden of proof in a

termination decision on the Commissioner. *See, e.g.*, 20 C.F.R. § 404.1594(b)(5) ("In most instances, we must show that you are able to engage in substantial gainful activity before your benefits are stopped.").

In the instant case, the ALJ correctly set forth the eight-step sequential evaluation process but, at the final step, stated the burden of proof as follows:

> Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience.

R. 62.

The ALJ here misstated the applicable law, pursuant to which "[t]he Commissioner bears the burden of proving *both* work-related medical improvement and that the claimant is currently able to engage in substantial gainful activity." *See* Def.'s Br. (Doc. No. 25) at 19-20 (emphasis added); *Hayden*, 374 F.3d at 988. In previous cases, when an ALJ has committed this precise legal error by stating the same, incorrect burden of proof quoted above, this Court has found that reversal is required. *See, e.g.*, *McCleave v. Colvin*, No. CIV-12-881-F, 2013 WL 4840477 (W.D. Okla. Sept. 10, 2013); *Gordon v. Astrue*, No. CIV-09-518-HE, 2010 WL 2990841 (W.D. Okla. May 27, 2010) (R. & R. of J. Argo), *adopted*, 2010 WL 2990845 (W.D. Okla. July 26, 2010). In *Gordon*, the language quoted above was held to be "contrary to the plain language of the applicable regulations, Tenth Circuit case law, and policy reasons identified by another district court in this Circuit." *Gordon*, 2010 WL 2990841, at *3. And in *McCleave*, the Court held that the ALJ's

identical language "failed to recognize . . . that the burden of proof is wholly different in a termination decision and applied a clearly erroneous legal standard that did not assign the Commissioner the burden of proof at each step of the evaluation process, not just at the last step." *McCleave*, 2013 WL 4840477, at *4.

The undersigned is unable to conclude that such a "fundamental error" is harmless. *See McCleave*, 2013 WL 4840477, at *5. In *McCleave*, this Court rejected the Commissioner's argument that the same misstatement of the applicable legal standard should be considered harmless, noting, "[E]ven assuming the ALJ reviewed the evidence 'on a neutral basis,' as required by 20 C.F.R. § 404.1594(b)(6), this method of reviewing the evidence is not adequate if the ALJ did not evaluate the evidence under the correct legal standard." 2013 WL 4840477, at *5. Further, the *McCleave* decision recognized that application of a harmless-error standard, as that standard is applied by the Tenth Circuit, would not be appropriate under these circumstances:

> In *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), the Tenth Circuit recognized that "a missing dispositive finding" may be appropriately supplied by an ALJ "under the rubric of harmless error" but only when "based on material the ALJ did at least consider (just not properly, [the court] could confidently say that no reasonable administrative factfinder, following the correct analysis could have resolved the factual matter in any other way."
>
> In this case, nothing in the decision creates such confidence. In *Allen*, the court was addressing the ALJ's missing step three findings in denying a disability claimant's application for benefits. In another more recent case, *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1162-1163 (10th Cir. 2012), the Tenth Circuit held that an ALJ's error in analyzing a consulting psychologist's medical source opinion did not prejudice the Plaintiff because "giving greater weight to [the] opinion would not have helped her," and under these circumstances the ALJ's error was harmless). Neither of these decisions address[es] a fundamental error, like the one here, in assigning the burden of proof.

*McCleave*, 2013 WL 4840477, at *5 (first and second alterations in original).

The undersigned agrees with the reasoning of *McCleave* and finds that the ALJ's misstatement of the applicable legal standard and incorrect assignment of the burden of proof is not a "factual matter" that can be upheld through harmless-error review. *See id.*; *Allen*, 357 F.3d at 1145; R. 62. Further, the ALJ's written decision contains no language that reflects a correct understanding or application of the correct burden of proof or otherwise provides the undersigned with "confidence" that the ALJ's error was harmless. *See* R. 62-80; *Allen*, 357 F.3d at 1145. This matter must be reversed due to the ALJ's "failure to apply the apply correct legal standards, or to show us that []he has done so." *Hayden*, 374 F.3d at 988; *see McCleave*, 2013 WL 4840477, at *4-7; *Gordon*, 2010 WL 2990845, at *1;[2] *cf. Segovia v. Astrue*, 226 F. App'x 801, 803-04 (10th Cir. 2007) (noting that appellate issue was raised by magistrate judge rather than by parties).

As noted above, Plaintiff had been receiving benefits for approximately seven years when his DIB was terminated effective November 2011. R. 128, 129, 159. Pursuant to *Hayden*, and as was ordered in *McCleave*, remand by this Court in the instant case means that the ALJ's decision on Plaintiff's medical cessation appeal "'is vacated and is no longer in effect.'" *Hayden*, 374 F.3d at 994 (quoting 20 C.F.R. §

---

[2] Plaintiff argues on appeal that the ALJ failed to properly reconstruct Plaintiff's May 2005 RFC as required by 20 C.F.R. § 404.1594(c)(3)(iii). Pl.'s Br. at 6-9. The Commissioner concedes that the ALJ failed to reconstruct Plaintiff's historical RFC but argues that such an omission constitutes harmless error. Def.'s Br. at 24. Because the ALJ's evaluation of Plaintiff's medical improvement under § 404.1594, as well as the determination of Plaintiff's September 2011 RFC, will necessarily be affected by the SSA's proceedings on remand, the undersigned cannot and does not reach a conclusion on these arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

404.1597a(i)(6)); *accord McCleave*, 2013 WL 4840477, at *7. This matter should be remanded back to the SSA, and Plaintiff, "who has already been adjudged to be disabled by the Commissioner," should "maintain[] [his] disability status and [be] entitled to payment of any benefits that have been withheld during the appeals process." *Hayden*, 374 F.3d at 994; *see* 20 C.F.R. § 404.1597a(i)(6); *McCleave*, 2013 WL 4840477, at *7. "It is up to the agency to decide whether to begin new termination proceedings." *Hayden*, 374 F.3d at 994.

## CONCLUSION

In light of the foregoing findings and conclusions, it is recommended that the decision of the Commissioner be REVERSED and REMANDED "for reinstatement and payment of continuing benefits." *Hayden*, 374 F.3d at 994.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any such objections must be filed with the Clerk of this Court by September 29, 2015. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 15th day of September, 2015.

                                                CHARLES B. GOODWIN  
                                                UNITED STATES MAGISTRATE JUDGE